**C & M DEVELOPERS, INC., Appellant,**

v.

**BOARD OF SUPERVISORS OF BEDMINSTER TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued May 6, 1997.

Decided June 3, 1997.

John A. VanLuvanee, Doylestown, for appellant.

John B. Rice, Perkasie, for appellee.

Before FRIEDMAN and FLAHERTY, JJ., and JIULIANTE, Senior Judge.

FRIEDMAN, Judge.

C & M Developers, Inc. (C & M) appeals from an order of the Court of Common Pleas of Bucks County (trial court) denying C & M's appeal from the determination of the Board of Supervisors (Board) of Bedminster Township (Township) that Planned Residential Developments (PRD) are not a permitted use in the Township's R–2 zoning district.

C & M owns two tracts of land which are located in R–2 zoning districts within the Township: one tract consists of two parcels totaling 80.74 acres, and the other tract consists of two parcels totaling 121.25 acres. On February 16, 1996, C & M submitted applications to establish these two tracts of land as PRD districts; C & M planned to build a PRD within each district.

On March 15, 1996, the Township's solicitor advised counsel for C & M that a PRD was not a permitted use in an R–2 zoning district. Thus, the Board decided to treat C

& M's applications as a request to amend the Township's zoning ordinance (Ordinance) and scheduled a public hearing on the matter.

C & M appealed the Board's decision to the trial court alleging that, under section 1009 of the Ordinance, any landowner may request the establishment of a PRD *district* on a tract of land containing fifty or more acres.[1] C & M contended that the Ordinance distinguishes between a PRD *use*, which is permitted by right only in an R–3 zoning district, and a PRD *district*, which is permitted in any zoning district. The trial court rejected C & M's argument.

On appeal to this court,[2] C & M argues again that the Ordinance permits any landowner who owns a tract of fifty or more acres in any zoning district to file an application to establish a PRD *district*. We disagree with C & M's reading of the Ordinance.

The Ordinance defines a PRD as follows:

Section 240 *Planned Residential Development (PRD)*

[PRD] shall be considered a *special district* which may be granted to a developer for the purpose of building a residential community or neighborhood containing a variety of housing types and community open spaces and recreational facilities.

(R.R. at 3a.) (Emphasis added.) This definition is consistent with section 1009 of the Ordinance, which also characterizes a PRD as a district.

However, it is apparent from sections 304 and 513 of the Ordinance that a PRD is only permitted as an optional "special district" within an R–3 district. Section 304 of the Ordinance states:

R–3 *Residential District*—The purpose of this district is to accommodate all types of residential structures, single-family and multifamily to insure a balanced community. This district also recognizes the importance of the preservation of natural resources. The R–3 district is medium density in keeping with the Township's character, while still appropriate with the densities in Dublin Borough. This district will have *various options* available, ranging from conventional single-family subdivisions, single-family clustering *and PRD* all using performance zoning standards.

(R.R. at 4a.) (Emphasis added.) Section 513 of the Ordinance, which provides a Table of Dimensional Regulations for the Township's zoning classifications, lists "R–3 Options" with the other zoning district designations. A PRD is one of the "R–3 Options." (R.R. at 10a.) In other words, sections 240, 304, 513, and 1009 of the Ordinance, when read together, treat a PRD as an optional special district within an R–3 zoning district.

Other sections of the Ordinance treat a PRD as a particular *use*. Section 405 of the Ordinance categorizes a PRD as a B4 use:

B4 *Planned Residential Development (PRD)*

PRD is a planned community. It has a minimum gross site area of fifty (50) acres and may include all types of dwellings permitted under Performance Standard Subdivision. The application process for PRD's is found in Section 1012 of this Ordinance. All development proposals under this *use* shall meet the specific housing type requirement set forth in this article, and any other applicable provisions of this Ordinance or the Bedminster Township Subdivision Regulations.

(R.R. at 5a.) (Emphasis added.) The Table of Use Regulations in section 406 of the Ordinance shows that a B4 PRD use is per-

---

1. Section 1009 of the Ordinance states:

   Section 1009 *Establishment of Districts*
   Any landowner may request the establishment of a Planned Residential District on a tract containing fifty (50) or more acres of land, consisting of one or more contiguous parcels of land under one ownership. Such a district may be established by the Bedminster Township Board of Supervisors in accordance with the following Sections upon approval of a tentative plan.
   (R.R. at 11a.)

2. Where no additional evidence is taken by the trial court, this court's scope of review is limited to evaluating whether the Board committed an abuse of discretion or an error of law. *Baker v. Chartiers Township Zoning Hearing Board,* 677 A.2d 1274 (Pa.Cmwlth.1996).

mitted by right *only* in an R–3 zoning district. (R.R. at 6a–8a.)

Thus, whether the Ordinance treats a PRD as a special district or as a use, the Ordinance consistently restricts PRDs to an R–3 zoning district. For this reason, C & M cannot prevail. Accordingly, we affirm.

### ORDER

AND NOW, this 3rd day of June, 1997, the order of the Court of Common Pleas of Bucks County, dated November 4, 1996, is affirmed.